JESSE RAY LITTLE, Petitioner, v. STATE OF
TENNESEE, Respondent.—469 S.W.2d 537.

May 21, 1971.

Certiorari Denied by Supreme Court July 6, 1971.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, James G. Hall, Assistant District Attorney General, Memphis, for respondent.

WALKER, P.J.   The question in this appeal is whether or not the trial judge erred in granting the respondent's motion to strike this petition for postconviction relief and dismissing it without an evidentiary hearing. We hold that he did not err.

The petitioner attacks his conviction on September 29, 1969, and sentence to 15 years' imprisonment on his plea of guilty to robbery with a deadly weapon. He was represented by retained counsel. The files and records of the trial court show that he petitioned the court for a waiver of trial by jury and requested acceptance of his plea of guilty.

The records also show that he entered pleas of guilty to third degree burglary, forgery and simple robbery and sentences concurrent with the one before us.

The assignments of error are:

"1. Petitioner was arrested without a warrant.

2. He was placed in a line-up and was not identified by any victim.

3. He was not represented by counsel at the police line-up.

4. He was convicted on cases which were more than two (2) years old and which had passed three (3) terms of Court.

5. Petitioner was not advised of his 'Miranda rights', and was tricked into giving statements when interrogated by police.

6. Petitioner was not properly represented by his privately retained counsel, because petitioner had only paid half the fee.

7. Petitioner's pleas of guilty were not freely and voluntarily entered into,

8. Petitioner was denied his right to a speedy trial."

■ We find no factual allegations that the petitioner's pleas of guilty were not freely and voluntarily entered into. A voluntary plea of guilty waives all nonjurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. Shepard v. Henderson, Tenn.Crim.App., 449 S.W.2d 726.

■ Under the rules announced in State ex rel. Richmond v. Henderson, 222 Tenn. 597, 439 S.W.2d 263, the allegations that the petitioner was not properly represented by retained counsel are insufficient.

■ We call attention to T.C.A. sec. 40-3818 directing that upon the final disposition of every petition the court

shall set forth in the order or a written memorandum all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground. When he dismisses on questions of law, he has no evidence from which to find the facts, but his order should show all grounds presented and his conclusions with regard to each of them.

All assignments are overruled and the judgment is affirmed.

Oliver and Mitchell, JJ., concur.