ALFRED R. TAYLOR, Appellant, v. STATE OF TENNESSEE, Appellee.—474 S.W.2d 160.

September 7, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Louis Chiozza, Jr., Memphis, for appellant.

David M. Pack, Attorney General, Weldon B. White, Jr., Assistant Attorney General, Nashville. James G. Hall, Assistant District Attorney General, Memphis, for appellee.

RUSSELL, J.  The appellant, Alfred R. Taylor, petitions for post-conviction relief from his place of confinement in the penitentiary where he is serving a ninety-nine year sentence on his guilty-plea conviction for first degree murder. Taylor and others apparently killed a liquor store operator in Memphis. He does not deny his guilt in his petition, expressly stating that he was "not trying to prove his innocence". Nor does he deny that his guilty plea was voluntarily and understandingly entered. (The technical record includes his signed petition expressly negating any such idea, as well as the Court's order accepting his petition to plead guilty and expressly adjudicating the voluntary and understanding character of the action.)

Taylor relies for relief upon allegations that:

(1) He was not formally arrested upon his return to Tennessee from Texas, where he had been taken into custody; and was not taken before a committing magistrate upon his return.

(2) He was not represented by counsel immediately after being returned, and apparently gave some incriminating statements during this time. (He does not allege that he was not advised of his *Miranda* rights by the officers, nor does he say that he confessed.)

(3) He had ineffective counsel. (His supporting "facts" complain that his lawyer wanted him to plead guilty to escape the electric chair, told him he could not get a fair trial, and did not put on "some kind of a defense to get him a lesser sentence".

(4) He was the victim of unconstitutional identification evidence in court, as it was brought out that witnesses who identified him by name had been given his picture with his name written upon the back of it before the hearing. (It is not stated how this identification evidence could have been harmful, in a procedure in which he had already admitted his guilt of the crime.)

The trial judge appointed counsel for the petitioner, and held a hearing upon the State's motion to strike the petition. The motion was sustained and this appeal followed.

■ The State relied upon the proposition that a plea of guilty, voluntarily and understandingly entered, upon advice of counsel, waives all prior constitutional rights, violations and non-jurisdictional defects. Shepard and Owens v. Henderson, Tenn.Crim.App., 449 S.W.2d 726. Such is the settled law of this state.

■ Applied to the allegations of this petition, even if they stated abridgements of constitutional rights, the plea foreclosed the questions of arrest, arraignment, interrogation, and pre-trial counsel.

■ His allegation of ineffective counsel is not supported by factual allegations sufficient to take it out of the conclusory allegation category. Saving him from the electric chair, telling him that he could not get a "fair" (from the defense viewpoint) trial, and being unable "to put on some kind of a defense to get him a lesser sentence" hardly support the accusation of ineffectiveness, in the context of this case. From all appearances, avoiding the death penalty was the legitimate first concern of appointed counsel. Nothing specific is alleged that counsel did do that he should not have, or did not do that he should. The petitioner's threshold allegation on this point: ". . . that he was represented by ineffective counsel, for if not so petitioner would not now have to petition this Honorable Court for relief" sets a standard of counsel effectiveness not recognized by the Courts.

■ The final complaint, as to "improper" identification evidence in court, apparently was aired at that time. It could hardly be harmful error, in a proceeding in which the defendant already fully admitted his guilt.

We affirm the judgment of the trial court.

Mitchell and Dwyer, JJ., concur.

Dwyer, J., did not participate in the results. The judgment is affirmed in accordance with T.C.A. 16-447.