Frank Anthony **TROLETTI**, Petitioner,

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

March 21, 1972.

Certiorari Denied by Supreme Court
June 5, 1972.

Jack W. Bowers, Knoxville, for petitioner.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Ralph E. Harwell, Asst. Dist. Atty. Gen., Knoxville, for respondent.

WALKER, Presiding Judge.

## OPINION

Without an evidentiary hearing, the trial judge dismissed Troletti's petition for post-conviction relief. He appeals.

Represented by retained counsel of his own choice, Troletti, age 43, pled guilty to armed robbery in Knox County and was sentenced to life imprisonment. When he filed this proceeding attacking his conviction, the trial judge properly appointed counsel to assist him and amend his petition. This trial counsel has done.

After examining the pleadings and the files and records before him, the trial judge carefully considered all of the grounds presented and found them without merit. In his order he disposed of all questions raised. We agree with his opinion in the case.

The petitioner alleges a number of grounds, including unlawful arrest, illegal search, illegal lineup; that witnesses and spectators were excluded from the courtroom; that the trial judge improperly took part in the proceedings; that his retained counsel was ineffective.

 The real question involved is whether or not his plea of guilty was voluntary. A plea of guilty voluntarily and knowingly entered upon advice of counsel waives nonjurisdictional defects. Taylor v. State, Tenn.Cr.App., 474 S.W.2d 160; Myers v. State, Tenn.Cr.App., 462 S.W.2d 265.

Petitioner alleges his plea of guilty was obtained by fraud and was not free and voluntary; that he asked a continuance to obtain witnesses and new counsel; that the trial judge did not inquire if his plea of guilty was entered freely, voluntarily, competently and understandingly and that the proceedings were a sham, farce and mockery of justice. He says he did not know he was signing a plea of guilty and objected when he learned of it before his plea was submitted to the jury.

In the records before the trial judge, there is the verbatim transcript of the proceedings on the submission of the case on the guilty plea. The trial judge may examine this record. Ellis v. State, Tenn.Cr.App., 470 S.W.2d 22.

This transcript shows that the trial court had set the case for trial and allowed a full day for hearing of a contested case. Retained counsel appeared in court and explained that the petitioner had requested counsel to ask the court to pass the case; that Troletti was not satisfied with an offer the state had made and did not want counsel's services further. The court denied an application for a continuance, it appearing that witnesses and jurors were in attendance for trial that day. The trial judge then carefully and patiently explained the charges and the range of punishment in the event of conviction and the possible pleas to the indictment. The defendant requested further time to talk to his attorney, and the court granted a recess.

After the recess an assistant district attorney general announced that the petitioner through his counsel had indicated he intended to enter a plea of guilty to armed robbery and accept a life sentence.

In these proceedings the trial judge addressed the petitioner personally and carefully determined that he understood the nature of the charges and his right to plead not guilty; that he understood the agreement and its consequences, and that the plea was voluntary and not coerced by anyone. The record affirmatively shows that the guilty plea was intelligent and voluntary in accordance with guidelines laid down in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. It also conforms to the recommendations of American Bar Association Standards Relating to Pleas of Guilty, Section 1.4.

The evidence presented after the plea showed there was a factual basis for it.

The petitioner was not denied due process. He had competent retained counsel in entering his guilty plea. See Ray v. State, 224 Tenn. 164, 451 S.W.2d 854.

Likewise without merit is the claim that he should have been allowed discovery in these proceedings.

All assignments are overruled and the judgment is affirmed.

OLIVER and O'BRIEN, JJ., concur.