**Ronnie GARRETT, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Dec. 16, 1975.

Certiorari Denied by Supreme Court
Feb. 2, 1976.

Lawrence P. Leibowitz, Knoxville, for petitioner.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for respondent.

DWYER, Judge.

## OPINION

This appeal flows from the dismissal of the petition for post-conviction relief without appointment of counsel and without an evidentiary hearing. The petition as filed reflects its draftsman to be a fellow inmate of the petitioner.

The petition contends that the petitioner's convictions for committing the offense of grand larceny in two cases with resulting punishment of confinement for not less than nor more than five years are invalid because of constitutional abridgments of his rights.

The alleged constitutional abridgments as stated in the petition are:

1. He was maliciously, arbitrarily and with aforethought to do same, denied a speedy trial.

2. He was extradited from the State of Michigan to the State of Tennessee on false pretenses, and maliciously prosecuted on two invalid warrants and indictments.

3. He was convicted on the testimony of a state witness who testified only to an unrelated charge which was still pending in court.

The state filed a response and answer, see T.C.A. 40–3814, to the petition which was accompanied by the minute entries, orders, and transcript pertinent to the petitioner's conviction.

The trial court, in dismissing the petition, filed a final order incorporating his finding of fact and law, see T.C.A. 40–3818.

A brief has been filed in this court by the draftsman of the petition and that brief has been incorporated as the brief for counsel who was appointed by this court to perfect petitioner's appeal.

The contentions presented to this court on appeal are these:

1. There was error in the failure of the trial court to appoint counsel and conduct an evidentiary hearing to consider the issues raised in the petition for post-conviction relief.

2. There was error in the court ruling that the allegation of denial of speedy trial was without merit.

The facts which were before the trial court, (i. e. minute entries, transcripts and petition of the petitioner) reflect: (1) true bill indictment returned by the McMinn County Grand Jury, in two counts of grand larceny against petitioner on November 27, 1972; (2) that petitioner was on bond prior to the indictments being returned; (3) that petitioner was arrested in the State of Michigan on September 5, 1972, and as a result was convicted for committing the offense of burglary with punishment of confinement in that state for not more than four years; he was placed on parole on November 22, 1973, in that state after serving fourteen months; (4) he was returned to Tennessee and found guilty in case No. 3808 after a jury trial on April 14, 1974; (5) he entered a guilty plea in the companion case No. 3806 on April 19, 1974, and was sentenced to not more than five years to be served concurrently with No. 3808; (6) his motion for new trial in No. 3806 was set for argument on June 15, 1974, and overruled when the trial court found petitioner had escaped.

■ While we agree with the state's argument that petitioner's own misdeeds brought about much of the delay of trial, we think the state is, nonetheless, under a positive duty to speedily try an accused, see *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 2262, 37 L.Ed.2d 56 (1973); also see *Arrowsmith v. State*, 131 Tenn. 480, 175 S.W. 545.

■ As to the petitioner's contention, however, if he had a viable speedy trial contention, it should have been argued prior to his trial, and in the event of an adverse ruling, preserved and argued on appeal. This he did not do. Thus, he has waived, we think, his speedy trial issue, see *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235. Moreover, the minute entries reflect that he escaped before his motion for new trial was overruled. Therefore, he forfeited his right to appeal, see *Bradford v. State*, 184 Tenn. 694, 202 S.W.2d 647, and a determination of this question on that appeal if it had been timely advanced. Hence, he waived this question for post-conviction relief purposes, see *Arthur v. State*, Tenn., 483 S.W.2d 95, 97 (1972).

With the petitioner intelligently and knowingly pleading guilty in No. 3806 on April 19, 1974, he waived all non-jurisdictional defects, see *Little v. State,* 4 Tenn. Cr.App. 175, 176, 469 S.W.2d 537. The trial court, in reviewing this petition, had a right to review all prior proceedings in the record, see *Gant v. State,* Tenn.Cr.App., 507 S.W.2d 133, 137 (1974). We find no error in the trial court's finding no merit in this speedy trial assertion.

. The assertion that petitioner was wrongfully returned to this jurisdiction would accord no voiding of his conviction, if true, see *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; *Tartar v. State,* 2 Tenn.Cas. (Shannon) 418 (1877). His assertion as to the insufficiency of the state's witness testimony is a matter for appeal and not for post-conviction proceedings, see *Gant v. State,* supra.

We find no error in the trial court's dismissal of the petition without appointment of counsel, see *Crumley v. Tollett,* 4 Tenn.Cr.App. 495, 497, 474 S.W.2d 148. Indeed, we think, under the quoted authorities found in that opinion, there is no duty to either appoint counsel or hold a preliminary hearing, if, after the petition undergoes initial judicial evaluation the court determines that there are no issues presented calling for an evidentiary hearing. While the speedy trial issue commences the judicial juices to flow, the assertion of that right does not, per se, entitle the petitioner to counsel nor entitle him to a hearing.

The records, which were before the trial court, reflect that counsel represented the petitioner at trial, at his guilty plea and waiver of jury trial in case No. 3806, and that all of his rights were explained to him and understood by petitioner. In short, the records before the trial court were not silent as to waiver of his constitutional rights in that case.

While it is true less stringent standards are applicable to petitions drafted by laymen, see *Baxter v. Rose,* Tenn., 523 S.W.2d 930, 939, we do not think that fact alone commands appointment of counsel or precludes the trial court from dismissing without a hearing in the absence of facts to support his allegation. We think that *Baxter v. Rose,* supra, teaches that to dismiss under these circumstances, there must be no doubt that the petition is void of facts to support a constitutional abridgment. We are satisfied that standard has been observed in this record.

The judgment of the trial court is affirmed.

RUSSELL and O'BRIEN, JJ., concur.