Tommy B. **CUNNINGHAM** and Walter M. Howard, Jr., Appellants,

v.

**STATE** of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 13, 1977.

Affirmed by Supreme Court
May 22, 1978.

Jerry H. Summers, Chattanooga, for appellants.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

OPINION

RUSSELL, Panel Presiding Judge.

The appellants, Tommy B. Cunningham and Walter M. Howard, Jr., have both been convicted of rape and sentenced to ten years in the State penitentiary. We find that the appellants' right to a speedy trial, a right guaranteed by the constitution of the United States and of the State of Tennessee, has been violated and therefore their convictions must be reversed.

The undisputed evidence in this case shows that on January 20, 1974, Cassandra Yvonne Nance accompanied the appellants to the appellants' apartment off East Brainerd Road in Chattanooga and engaged in sexual intercourse with both of them. Cunningham and Howard contended that Miss Nance consented to the sexual activity; Miss Nance testified that she was raped.

At the appellants' trial Tommy B. Cunningham testified that Miss Nance had consented to sexual intercourse with him five to fifteen times during the three year period ending on January 20, 1974. Walter M. Howard said that Miss Nance had voluntarily performed the sex act with him on one occasion during the summer of 1973. These testimonies were in direct contradiction to Miss Nance's statement that she was a virgin prior to January 20, 1974. Dr. Alfonso Barnes, who examined Miss Nance a few hours after the alleged rape, testified for the State. He said his examination revealed that she had had sexual intercourse within the last 12 to 24 hours but that she did not have any bruises, lacerations, hematomas, or excoriations. He also testified that she admitted having experienced sexual intercourse prior to this occasion.

In their first assignment of error, the appellants contend that their convictions should be reversed because the State did not provide them with a speedy trial, thus denying them the protection guaranteed by the Sixth Amendment to the United States Constitution; by Article I, Section 9 of the Tennessee Constitution, and by § 40-2001 of the Tennessee Code Annotated. We agree.

A preliminary hearing was held for the appellants in the City Court of Chattanooga on February 13, 1974. On that day an attorney was appointed for the appellants and they were bound over to the Hamilton County Grand Jury. The Grand Jury on March 27, 1974, returned an indictment charging the appellants with rape. The appellants were not notified of the status of their case by their court-appointed attorney or by anyone in the law enforcement system for almost two years. In February of 1976 they were arrested on capiases issued as a result of their joint indictment and in December of 1976 their trial was held.

■ When a defendant in a criminal case asserts that the government has failed to afford him a speedy trial, four factors are to be weighed in considering whether his constitutional right has been violated: (1) the length of the delay, (2) the defendant's assertion of his right to a speedy trial, (3) the reason for the delay, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Bishop,* 493 S.W.2d 81 (Tenn.1973). No single factor is determinative in all cases but the most crucial inquiry is whether the delay has prejudiced the defendant. *U. S. v. Reynolds,* 489 F.2d 4 (6th Cir. 1973); *Trigg v. State of Tennessee,* 507 F.2d 949 (6th Cir. 1974), cert. denied 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 414.

The length of the delay between the return of the indictment against the appellants and their subsequent arrest on capiases (23 months) is, as the State concedes, sufficient to require examination of the other three factors to determine whether the appellants' right to a speedy trial has been violated.

■ The appellants did not raise the speedy trial issue until they filed their Motion for a New Trial. However, the failure to assert the right to a speedy trial before the trial is held does not constitute a waiver of the right. *Barker v. Wingo, supra; State v. Bishop, supra.* Moreover, it would have been impossible for the appellants to have asserted their right during the interval between their indictment and their arrest on capiases as they were not notified that the indictment had been returned.

In all criminal cases, the State is under an affirmative duty to speedily try the accused. *Garrett v. State,* 534 S.W.2d 325 (Tenn.Cr.App.1975). In this case the State has offered no explanation for its failure to discharge that duty. As is admitted in the State's brief, "There is no indication in this record of the basis for this delay".

■ At the hearing on the appellants' motion for a new trial, both Cunningham and Howard testified that the delay in this case caused the unavailability of two potential witnesses who could have given first hand testimony concerning the sexual activity of the alleged victim. One of the witnesses had moved to California and could not be reached by the appellants, and they had simply lost contact with the second one. In a case such as this one, which, as the trial court observed, is a very close case on the evidence, such testimony could have had a major impact on the jury in their deliberation. This is particularly true because the defense witnesses who were called at the trial testified only regarding Miss Nance's reputation for sexual promiscuity and did not speak from first hand observation. As the Tennessee Supreme Court indicated in *State v. Bishop, supra,* the importance of the loss of potential witnesses varies depending on the strength of the State's case. In a case, such as this one, which is close on the evidence, the testimony of each individual witness takes on added significance.

We think that the State's totally unexplained failure to bring these appellants to trial coupled with the appellants' showing that the delay has prejudiced them require a conclusion that their right to a speedy trial has been violated.

Having reached this conclusion, we find it unnecessary to address the appellants' assignment of error based upon newly discovered evidence.

The other assignments of error have been carefully considered and are meritless.

Reversed and dismissed.

DAUGHTREY and BYERS, JJ., concur.