**STATE of Tennessee, Appellee,**

v.

**Daniel Benson TAYLOR, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 26, 1984.

Permission to Appeal Dismissed by Supreme Court April 2, 1984.

Larry H. Nance, Leslie Fatowe, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Raymond S. Leathers, Asst. Atty. Gen., Nashville, J.C. McLin, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The defendant, Daniel Benson Taylor, appeals from a conviction for second degree murder with punishment fixed at life imprisonment. He has presented seven issues for our review. Our examination of the issues and the record reveals no reversible error and we affirm the judgment of conviction.

We first address the issue attacking the sufficiency of the evidence. The prosecution arose from the shooting death of Danny Campbell on September 20, 1980 in Memphis.

Before the shooting, the defendant and the State witness, John Frazier, III, had been involved in several altercations involving firearms. According to Frazier's testimony, the defendant was the aggressor. According to the defendant, Frazier was the aggressor. We will not detail the facts

relating to these prior confrontations between Frazier and the defendant. However, the record leaves no doubt that these two men were bitter enemies. In one of their altercations, the deceased intervened and stopped the fight. Frazier characterizes the deceased's involvement as that of a peace maker and the defendant characterizes his involvement as that of a combatant. The deceased was involved only one time, which was approximately two weeks before the fatal shooting of Campbell.

On September 20, 1980, the deceased, Carl Mason, and John Frazier, III, were standing outside the B & T Grocery engaged in peaceful conversation when they were joined by the postman, Mr. Walter Watkins. All four of them ran when the defendant drove up in his automobile and emerged with a rifle. Watkins and the deceased ran for the front door of the grocery when the defendant shot the deceased as the deceased and Watkins were attempting to enter the door at the same time. The deceased was unarmed. Campbell died about 10 days later from the single gunshot wound in the abdomen.[1] The defendant fled immediately after the shooting and did not return to the Memphis area until about 14 months later.

The arresting officer testified that he asked the defendant who he had killed and what the circumstances were. The defendant replied that the deceased had "been messing in his business and his argument with someone else and it wasn't even any of his (the deceased's) business."

The defendant testified that on the day of the shooting, he drove up to B & T Grocery to discuss a settlement of the feud with Frazier and the victim. He took his rifle with him for protection. When Campbell saw the defendant with the rifle, he ran for the door. As he was entering the door, he went into a "spin", causing the defendant to fear that he had a gun and would shoot him when he completed the "spin." According to the defendant, he lowered his gun in an attempt to wound Campbell, but did not lower it enough. The defendant testified that he left town to give him time to earn money to employ an attorney. He denied making the statement to the officer that he killed Campbell because Campbell had been "messing" in his business.

The State's theory of the shooting was established by Frazier, Watkins, Carl Mason and Mrs. Clara Smith, owner of B & T Grocery. Their testimony contradicted that of the defendant with respect to Campbell making a "spin" before he was shot.

■ The defendant insists that there was no evidence of malice. We disagree. Malice is an intent to do an injury to another, a design formed in the mind of doing mischief to another. *Fox v. State*, 1 Tenn. Cr.App. 308, 441 S.W.2d 491, 495 (1968). The defendant stopped at the store and left his automobile with the rifle. The victim was running from the defendant when he was shot. Aside from the presumption that malice may be inferred from the use of a firearm, we hold that the act of stopping at the store where the deceased was peaceably engaged in conversation, leaving his automobile with the rifle and the shooting of the victim while the victim was in flight, evinces an intent to do injury and mischief to the victim.

■ The evidence of the defendant's guilt of second degree murder is overwhelming. His self defense theory is very weak as measured by his own testimony. The evidence is sufficient upon which a reasonable trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt of second degree murder. We must therefore overrule this issue. Rule 13(e), T.R.A.P.

■ In another issue, the defendant says that the trial court improperly restricted cross examination of the defendant's girlfriend, Ms. Gloria Glinsey. This witness

---

1. The deceased continued to live for approximately 10 days after the shooting. Because of the surgery and healing, it was not possible for a medical expert to determine whether the bullet entered the front or back of the victim's body.

testified that Mr. Frazier had threatened her so she summoned the defendant to her house for his aid. After his arrival, there was a confrontation between Frazier and the defendant. The defendant says that the trial court prevented him from impeaching Frazier by showing his bias and hostility toward the defendant. In reading the testimony of this witness, we can find no substantial limitation of the examination of this witness. Her testimony and that of the defendant and Frazier leave no doubt that there was hostility between these two men. This issue is without merit.

The next issue is that the trial court erred in allowing cross examination of the defendant regarding a prior felony conviction. On cross examination, the prosecution asked, "Ms. Fatowe (defense counsel), I believe, mentioned the fact that you've been convicted of a felony in the past." The defendant answered in the affirmative. It was never shown what specific felony the defendant was. convicted of. Defense counsel had mentioned to the jury during voir dire examination that the defendant had been convicted of "a felony." No objection was made by the defense counsel.[2]

■ The failure to make a contemporaneous objection is a waiver of this issue. *State v. Pritchett*, 621 S.W.2d 127, 135 (Tenn.1981). Moreover, no information was related to the jury that had not been previously given by defense counsel. We do not agree that it was the trial judge's duty to assume the questioning of the witness concerning the date and nature of the felony to determine whether the evidence was admissible under *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976).

■ The defendant next states that the trial court erred in allowing the Assistant District Attorney and defense counsel to reply to an immaterial question asked by a juror at the conclusion of rebuttal argument. The evidence indicated that the defendant, Frazier, and the victim were ar-

rested after the altercation in which the victim was involved. They were all taken to the hospital and then the police discharged them. The juror asked why the police did not "arrest them and charge—and fine them." We agree with the defendant that the answer to this question was immaterial to the issues in this case and that the trial judge should have so instructed the jury. The trial judge referred the matter to counsel and gave them additional time to answer the question. The Assistant District Attorney, in substance, informed the jury that, "What is past is past," and that since the officers did not testify, he did not know the answer. Defense counsel stated that she did not know why these men were not arrested. The question gave defense counsel the opportunity to make the point that the defendant could not rely upon the police for protection. The error was not prejudicial to the defendant and did not affect the result of the trial. This issue is overruled. Rule 36(b), T.R.A.P.

■ The defendant next complains that the trial court erred in not *sua sponte* conducting a hearing to determine whether the admission given the arresting officer was voluntary. The arresting officer testified that before questioning the defendant, he "advised him of his rights," without specifying the "rights" which he had reference to. It clearly appears from the context that counsel and the witness were referring to the defendant's *"Miranda"* rights. However, since no pretrial motion was filed or even an objection made to the evidence, it was not required that a preliminary showing of voluntariness be made. The trial court had no duty to *sua sponte* conduct a hearing to determine the voluntariness of defendant's inculpatory statement. *State v. Foote*, 631 S.W.2d 470, 472 (Tenn.Cr.App.1982); *Feagins v. State*, 596 S.W.2d 108 (Tenn.Cr.App.1979); Rules 12(b)(3) and 12(f), T.R.Cr.P.

**2.** The record does not reveal the nature of the felony. It might well have been that counsel intentionally failed to object, preferring that the

evidence go to the jury in this vague manner than that the felony be specified.

The defendant next says that the trial court erred in allowing defense counsel to present pro se motion for release of counsel and oral motion for continuance in the presence of the prospective jurors. The record conclusively establishes that members of the jury panel were not in the courtroom when these motions were presented.

Finally, the defendant insists that his trial counsel did not meet the standard required by *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). At the request of the defendant's present attorney, a hearing was had with regard to this issue on the motion for a new trial. Only the defendant and trial counsel testified. The defendant made numerous complaints concerning his attorney's services. They were all denied or explained by the testimony of the attorney. The trial judge resolved these issues of fact in favor of the State. The evidence does not preponderate against the trial judge's findings of fact and his findings are therefore binding on this court. *Clenny v. State*, 576 S.W.2d 12 (Tenn.Cr.App.1978); *Graves v. State*, 512 S.W.2d 603 (Tenn.Cr. App.1973).

The judgment below is affirmed.

WALKER, P.J., and BYERS, J., concur.