IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION



**FILED**

**March 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| DANIEL B. TAYLOR, | ) | |
| | ) | No. 02-C-01-9703-CR-00091 |
| APPELLANT, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | John P. Colton, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction Relief) |
| | ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

Daniel B. Taylor, <u>pro</u> <u>se</u>                John Knox Walkup
Northwest Correctional Center         Attorney General & Reporter
Route 1, Box 660                      425 Fifth Avenue, North
Tiptonville, TN 38079                 Nashville, TN 37243-0493

Wayne Chastain                        Kenneth W. Rucker
Attorney at Law                       Assistant Attorney General
66 Monroe Avenue, Suite 804           425 Fifth Avenue, North
Memphis, TN 38103                     Nashville, TN 37234-0493
(Trial Only)

                                      William L. Gibbons
                                      District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103

                                      C. Alanda Horne
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Daniel B. Taylor (petitioner), appeals as of right from a judgment of the trial court summarily dismissing his post-conviction action. The trial court found the petitioner "has failed to raise any issue which has not been previously determined" and "an evidentiary hearing is not necessary for a resolution of any issue before this Court." The petitioner presents four issues for review. He contends (a) the dismissal of his action on the ground the issues were previously determined violated his constitutional rights, (b) the State of Tennessee (state) failed to respond to each ground alleged in his petition, (c) the order of dismissal was incomplete because it does not address all of the grounds alleged in his petition, and (d) the dismissal of his petition "resulted in denial of meaningful access to justice, and the fundamental fairness, to an adequate opportunity to present issues fairly within the post-conviction adversary system." After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

## I.

## PRIOR PROCEEDINGS

On October 6, 1982, the petitioner was convicted of second degree murder. He was sentenced to confinement for life in the Department of Correction. The petitioner appealed his conviction and sentence as of right. This court affirmed the defendant's conviction and sentence. State v. Taylor, 668 S.W.2d 681 (Tenn. Crim. App. 1984). The supreme court denied the petitioner's application for permission to appeal on April 2, 1984.

The petitioner commenced this post-conviction action on June 10, 1988 by filing a pro se petition. The trial court summarily dismissed his petition. He appealed the dismissal as of right pro se. This court reversed the judgment of the trial court and remanded this action to the trial court for further proceedings. Daniel B. Taylor v. State, Shelby County No. 50, 1989 WL 44867 (Tenn. Crim. App., Jackson, May 3, 1989). In ruling, Judge Joe D. Duncan, speaking for a unanimous court, stated:

> We reverse the judgment of the trial court and the cause is
> remanded for the appointment of counsel, who shall prepare
> and file an amended petition, setting forth the petitioner's
> legitimate issues in a clear and concise manner. His counsel
> shall include in the amended petition reasons why any of the

2

issues raised have not been <u>waived</u> by petitioner's failure to present them for determination in his prior proceedings, and, regarding any of the issues that were previously determined in the petitioner's direct appeal, counsel shall assign legal reasons, if any exist, why these issues should be subject to relitigation.

If necessary for a resolution of the issues presented in the amended petition, the trial court may hold an evidentiary hearing on the merits of the petition.

Slip op. at 6 (emphasis added) (citations omitted).

Since this case was remanded, the trial court has appointed three attorneys to represent the petitioner. Two of these attorneys were permitted to withdraw due to disagreements with the petitioner. There have been three amended petitions filed in this cause. The petitioner has filed an inordinate number of pleadings, attachments to pleadings, legal memoranda, and other miscellaneous documents. These pleadings and documents fill two volumes. They consume 207 pages.

The trial court entered an order dismissing this post-conviction action on January 24, 1997. The petitioner perfected his appeal on February 11, 1997. While the petition lists a multitude of grounds, the grounds raised may be reduced to the following classifications: (a) ineffective assistance of counsel, (b) the constitutionality of the reasonable doubt instruction, (c) the failure to credit him for confinement prior to conviction, and (d) the failure of local authorities to obtain good time credits for him after his conviction.

## II.

## SUFFICIENCY OF TRIAL COURT'S ORDER

The petitioner contends the order of the trial court does not conform to the applicable statutes. He further contends the trial court inappropriately found all of the grounds raised in his petition had been previously determined. The petitioner argues all of the grounds had not been previously determined.

## A.

The statutes governing post-conviction actions have always required a trial court to

3

set forth in an order of dismissal the grounds raised by the petitioner, the findings as to each ground, and the reason why the petitioner is not entitled to an evidentiary hearing as to each issue. See Tenn. Code Ann. §§ 40-30-206(b) and -211(b) (1997); Tenn. Code Ann. § 40-30-118(b) (Repealed). In this case, the trial court's order simply states the grounds had been previously determined. It does not set forth the grounds or the facts and legal reasons which support the denial of an evidentiary hearing as to each ground. See Troletti v. State, 483 S.W.2d 755 (Tenn. Crim. App.), cert. denied (Tenn. 1972); Guy v. State, 4 Tenn. Crim. App. 218, 470 S.W.2d 28, cert. denied (Tenn. 1971); Little v. State, 4 Tenn. Crim. App. 175, 469 S.W.2d 537, cert. denied (Tenn. 1971).

While the use of the word "shall" makes the duty of the trial court mandatory, the appellate courts of this state have held the failure to strictly comply with these statutory mandates does not always require a reversal of the judgment. State v. Higgins, 729 S.W.2d 288 (Tenn. Crim. App.), per. app. denied (Tenn. 1987); State v. Swanson, 680 S.W.2d 487 (Tenn. Crim. App.), per. app. denied (Tenn. 1984); George v. State, 533 S.W.2d 322 (Tenn. Crim. App.), cert. denied (Tenn. 1975); Webb v. State, 4 Tenn. Crim. App. 723, 475 S.W.2d 228, cert. denied (Tenn. 1971). In this case, reversal of the trial court's judgment is not required. The reasons why the petitioner is not entitled to an evidentiary hearing on the grounds raised in the petition are clear on the face of the record. In other words, the record transmitted to this court is sufficient to effectuate a meaningful appellate review on each ground raised in the petition. See State v. Swanson, supra.

## B.

This court agrees with the petitioner's contention that not all of the grounds raised have been previously determined. However, this alone does not warrant the granting of an evidentiary hearing.

The bulk of the grounds raised by the petitioner have been previously determined. Other issues have been waived. There are two grounds which are not cognizable in a post-conviction action.

## III.

## THE GROUNDS FOR RELIEF

4

As previously stated, the grounds raised by the petitioner in the trial court may be classified as (a) the ineffective assistance of counsel, (b) the constitutionality of the reasonable doubt instruction, (c) the failure to credit him for confinement prior to conviction, and (d) the failure of local authorities to obtain good time credits for him after conviction. These grounds have either been previously determined, waived, or are not cognizable in a post-conviction action.

## A.

The 1995 amendment to the Post-Conviction Procedure Act prohibits the granting of relief when a ground has been previously determined or waived. See Tenn. Code Ann. §§ 40-30-206(f) and -210(f). The Act does not define the phrase "previously determined." As to the term "waive," Tenn. Code Ann. § 40-30-210(f) states: "There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." See Tenn. Code Ann. § 40-30-112(b)(2) (Repealed).

This court is of the opinion the body of law created pursuant to Tenn. Code Ann. § 40-30-112 (Repealed) regarding grounds "previously determined" satisfies the legislative intent of the 1995 amendment to the Act. As this court said in Workman v. State, 868 S.W.2d 705, 708 (Tenn. Crim. App.), cert. denied, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 555 (1994):

> A ground for relief has been "previously determined" when "a court of competent jurisdiction has ruled on the merits [of the grounds] after a full and fair hearing." Tenn. Code Ann. § 40-30-112(a) [repealed]. A ground is deemed to be "previously determined" when the petitioner appealed as of right from his conviction and the issue was addressed by the appellate court. Rhoden v. State, 816 S.W.2d 56, 61, 62, 63, 65 (Tenn. Crim. App. 1991); Caruthers v. State, [814 S.W.2d 64, 69-70 (Tenn. Crim. App. 1991)]; Cole v. State, 798 S.W.2d 261, 264-265 (Tenn. Crim. App. 1990). Also, a ground is "previously determined" when a petitioner raises a ground in a post-conviction proceeding, and the ground is addressed on the merits following an evidentiary hearing. Holiday v. State, 512 S.W.2d 953, 958 (Tenn. Crim. App. 1972). See Caruthers v. State, supra; Garrett v. State, 534 S.W.2d 325, 327 (Tenn. Crim. App. 1975); Doyle v. State, 3 Tenn. Crim. App. 171, 173, 458 S.W.2d 637, 638 (1970).

This court must now address each ground to determine if the petitioner is entitled to an evidentiary hearing.

**B.**

The issue alleging the deprivation of his constitutional right to the effective assistance of counsel has been previously determined. The attorney who represented the petitioner at the hearing of the motion for a new trial and on appeal did not represent the petitioner during the prior proceedings. The new attorney raised this issue in the motion for a new trial, and this issue was raised on appeal. Taylor, 668 S.W.2d at 685. In Taylor, this court said:

> Finally, the defendant insists that his trial counsel did not meet the standard required by Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). At the request of the defendant's present attorney, a hearing was had with regard to this issue on the motion for a new trial. Only the defendant and trial counsel testified. The defendant made numerous complaints concerning his attorney's services. They were all denied or explained by the testimony of the attorney. The trial judge resolved these issues of fact in favor of the State. The evidence does not preponderate against the trial judge's findings of fact and his findings are therefore binding on this court.

668 S.W.2d at 685 (citations omitted).

The ground alleging the reasonable doubt instruction has been waived. It was not raised on direct appeal. The defendant has never attempted to explain why this issue should not be considered waived. In other words, the petitioner has failed to rebut the presumption of waiver. Tenn. Code Ann. § 40-30-210(f).

The ground alleging the petitioner was never given credit for the time he was confined in the Shelby County Jail may not be litigated in a post-conviction proceeding. Nevertheless, an exhibit to the petition specifically states the petitioner was given credit for the time he claims is due him.

The petitioner is not entitled to litigate the ground alleging the denial of good time credits while he was confined in the Shelby County Jail after his conviction. This issue must be litigated pursuant to the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-101, et. seq. State v. James A. Vaughn, Sumner County No. 01-C-01-9308-CR-

00258, 1994 WL 53845 (Tenn. Crim. App., Nashville, February 24, 1994).

## IV.

The petitioner raises two additional issues. He contends the State of Tennessee failed to respond to each of the allegations contained in the petition. This did not prejudice the petitioner in any manner. Moreover, any deficiency in this regard does not entitle the petitioner to an evidentiary hearing or other relief.

The petitioner contends the dismissal of his post-conviction action has resulted in the denial of "meaningful access to justice, and . . . fundamental fairness" as well as "an adequate opportunity to present issues." This court disagrees. A trial court has the legal right to summarily dismiss a post-conviction action when it is clear on the face of the record the petitioner is not entitled to relief because the grounds alleged have been previously determined, waived, or cannot be litigated in a post-conviction action. Workman, 868 S.W.2d at 708; Caruthers, 814 S.W.2d at 69-70.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE

7