# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1998

FILED

October 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

RONALD BRADFORD WALLER,)
)
    Appellant      )
)
vs.              )
)
STATE OF TENNESSEE,   )
)
    Appellee       )

No. 03C01-9702-CR-00054

HAMILTON COUNTY

Hon. DOUGLAS A. MEYER, Judge

(Post-Conviction)

For the Appellant:

**Ronald B. Waller,** *Pro Se*
S.T.S.R.C.F. #205287
Rt #4, Box 600
Pikeville, TN  37367

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Ellen H. Pollack**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William H. Cox III**
District Attorney General

**C. Leland Davis**
Asst. District Attorney General
Suite 300, Courts Building
Chattanooga, TN  37402

OPINION FILED: _____

REMANDED

**David G. Hayes**
Judge

**OPINION**

The appellant, Ronald Bradford Waller, appeals the Hamilton County Criminal Court's dismissal of his petition for post-conviction relief. In April 1992, the appellant was convicted of two counts of first degree murder, one count of especially aggravated robbery, and one count of theft of property over one thousand dollars.[1] These convictions resulted in the imposition of a sentence of life plus twenty-three years. This court affirmed the appellant's convictions and sentences on direct appeal, finding his allegations without merit.[2] State v. Waller, No. 03C01-9212-CR-00429 (Tenn. Crim. App. at Knoxville, Oct. 6, 1993), perm. to appeal denied, (Tenn. Feb. 7, 1994). He is currently confined at Southeastern Tennessee State Regional Correctional Facility in Pikeville.

After review of the voluminous record before this court, we remand to the trial court for further proceedings consistent with this opinion.

**Background**

On May 10, 1996, the appellant filed a petition for post-conviction relief. Within the appellant's ninety-one page *pro se* petition, he raises ten general grounds for post-conviction relief; specifically, he enumerates over ninety separate grounds upon which relief should be granted. Although the trial court subsequently

---

[1]The appellant's convictions arise from the January 9, 1991, murder of Chattanooga resident Harold Jewell. The appellant had accepted a ride with Mr. Jewell while hitchhiking on I-75. The two men proceeded to a hotel and then to Mr. Jewell's Beaver Creek apartment. Allegedly, Mr. Jewell made homosexual advances towards the appellant. A struggle ensued, resulting in the appellant beating Mr. Jewell and virtually severing Jewell's neck with a bread knife. Before leaving the apartment, the appellant gathered some money, prescription medication, and some jewelry of the victim's. He then left the apartment and drove to his mother's residence in Port Ritchie, Florida in the victim's Chevrolet Impala. See State v. Waller, No. 03C01-9212-CR-00429 (Tenn. Crim. App. at Knoxville, Oct. 6, 1993), perm. to appeal denied, (Tenn. Feb. 7, 1994).

[2]On direct appeal, the appellant argued that the evidence was insufficient to support the verdicts; that he was prejudiced by the delayed admission of alleged homosexual conduct on the part of the deceased; that his convictions for first degree murder and especially aggravated robbery violate double jeopardy; and that consecutive sentencing was not proper.

appointed counsel, the case proceeded on the *pro se* petition without amendment.

An evidentiary hearing was held on the petition on November 13, 1996, and January

27, 1997.  On March 17, 1997, the trial court denied the appellant post-conviction

relief.   Although no specific findings of fact were recited by the trial court, the trial

court's order dismissing the petition provides in its entirety:

> 1.  It is not double jeopardy for a defendant to be found guilty of premeditated murder and felony murder.
>
> 2.  There was no proof of improper grand jury proceedings, denial of a speedy trial, prosecutorial misconduct, abuse of discretion/lack of control over proceedings, miscarriage of justice, and judicial conspiracy.
>
> 3.  The issue of reasonable doubt/insufficient evidence was predetermined by the Court of Criminal Appeals on direct appeal.
>
> 4.  The proof shows that petitioner received effective assistance of counsel from Hank Hill.  But, assuming for the sake of discussion, that he did not, there is no showing of any reasonable probability that the result would have been different.
>
> 5.  The effect of other errors, even considered cumulatively, are harmless.

The appellant filed a timely notice of appeal of the trial court's ruling.  After

the appellant's brief was filed on January 30, 1998, but prior to the case being

docketed for appellate review, post-conviction counsel was permitted to withdraw by

this court due to a conflict created by her acceptance of a position with the public

defender's office, who had represented the appellant at trial.  See  Waller v. State,

No. 03C01-9702-CR-00054 (Tenn. Crim. App. at Knoxville, Feb. 20, 1998).  The

State filed its response to the appellant's brief on April 17, 1998.  By order dated

June 16, 1998, this court ordered that the transcript of the appellant's trial be

consolidated with the present record for purposes of this appeal.  See  Waller v.

State, No. 03C01-9702-CR-00054 (Tenn. Crim. App. at Knoxville, Jun. 16, 1998).

On June 22, 1998, this court ordered that the appellant's *pro se* brief be filed as a

supplement to the brief submitted by counsel.[3]  See  Waller v. State, No. 03C01-

---

[3]The appellant's *pro se* brief is fifty-one pages in length.  Counsel's brief is thirty-nine pages.

9702-CR-000545 (Tenn. Crim. App. at Knoxville, Jun. 22, 1998).

The collective issues raised by the appellant in the two briefs allege constitutional error requiring reversal based upon: (1) fatal variance between indictment and proof; (2) various claims of double jeopardy; (3) numerous claims of prosecutorial misconduct; (4) various allegations of the trial court's failure to maintain control over the court room; (5) approximately thirty-two grounds alleging ineffective assistance of counsel; (6) the cumulative error of all due process violations; (7) denial of equal protection of the law; (8) unconstitutional destruction of grand jury records; and (9) an unconstitutional reasonable doubt jury instruction.

**Analysis**

Without reaching the merits of the appellant's petition, we find it necessary to remand this cause to the trial court as the posture of this case, the lack of adequate findings of fact and conclusions of law by the trial court, and the State's failure to respond to the supplemental brief prevent us from completing any kind of meaningful review.

First, the trial court failed to enter any discernible findings of fact and conclusions of law as required by Tenn. Code Ann. § 40-30-211 (1996 Supp.). In particular, the court's findings are merely conclusions without any factual support, the court failed to address all issues raised by the appellant, and the court's order suggests the presence of errors in the record without specifically naming them. See supra Background. Tenn. Code Ann. § 40-30-211 provides that "[u]pon disposition of every petition, the court shall enter a final order, and . . . shall set forth in the order . . . all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground." (Emphasis added). The duty to enter

4

findings of fact and conclusions of law as to each ground alleged is mandatory as the appellate courts may only review the findings of the trial court. See Brown v. State, 445 S.W.2d 669, 671 (1969). Not only do the trial court's findings facilitate appellate review, but, in many cases, are necessary for such review. See Tate v. State, No. 02C01-9108-CR-00170 (Tenn. Crim. App. at Jackson, May 20, 1992), perm. to appeal denied, (Tenn. Sept. 14, 1992).

In the absence of oral findings, the failure of the trial court to include its findings of facts in its order dismissing the petition requires reversal of the order. Brown, 445 S.W.2d at 671; State v. Higgins, 729 S.W.2d 288, 290-291 (Tenn. Crim. App. 1987). Moreover, where questions of law are presented negating the need for the finding of fact, the trial court must still show all grounds presented and the conclusions with regard to each of them. Little v. State, 469 S.W.2d 537, 538 (Tenn. Crim. App. ), perm. to appeal denied, (Tenn. 1971). In the present case, the trial court failed to enter any findings of fact as they relate to the appellant's various claims for relief. See supra Background. Additionally, the trial court failed to enter conclusions of law as to all grounds presented. Id. Where the trial court fails to make "a clear and detailed finding of fact," either orally or on the record, the appellate court is "at a complete loss to know the basis of the trial judge's decision and judgment; assignments of error [now issues] and appellate review are seriously frustrated if not completely thwarted by lack of a definitive finding of fact by the trial judge." Brooks v. State, No. 03C01-9507-CR-00204 (Tenn. Crim. App. at Knoxville, Oct. 9, 1996) (citing Brown, 445 S.W.2d at 671).

To further frustrate our review of the proceedings before us, we acknowledge the disarrayed presentation of issues created by the supplementation of the appellant's *pro se* brief to the record. The two briefs cannot be reconciled. The *pro se* brief not only expands the grounds alleged in counsel's brief but also provides duplicitous and often confusing argument when compared to counsel's brief. As

5

illustration, the *pro se* brief alleges two grounds not alleged in counsel's brief, neglects two grounds alleged in counsel's brief, and, specifically, to the claim of ineffective assistance of counsel, raises five additional grounds not alleged in counsel's brief. We note that the better procedure, facilitating appellate review, would be to submit only one merged brief addressing all issues.

For these reasons, this cause is remanded solely for the purpose of permitting the trial court to enter its findings of facts and conclusions of law as to each ground alleged in the appellant's petition. No further filings or supplemental pleadings by either party shall be permitted at the post-conviction level. Once the trial court enters its order, the appellant may be appointed counsel for purposes of appeal, if he so desires. Irrespective of his position regarding counsel, only one brief to this court will be permitted. The briefs previously filed by the parties in this appeal will not be considered.

Accordingly, the judgment of the trial court is reversed and remanded in order to permit the trial court to revisit the grounds raised by the appellant in his original petition, and, thereafter, enter findings of fact and conclusions of law as required by the Post-Conviction Act. Pursuant to Tenn. R. App. P. 29(a), once the record has been filed with the clerk of this court, the appellant shall have thirty days in which to file his appellate brief.

_____
DAVID G. HAYES, Judge

6

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge