IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION



**FILED**

**February 24, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

JEFFERY A. CASEY,            )
                            )       No. 02-C-01-9701-CC-00015
        APPELLANT,           )
                            )       Decatur County
v.                          )
                            )       Julian P. Guinn, Judge
STATE OF TENNESSEE,          )
                            )       (Post-Conviction Relief)
        APPELLEE.            )

FOR THE APPELLANT:                  FOR THE APPELLEE:

Pamela J. Drewery                   John Knox Walkup
1008 West Forest                    Attorney General & Reporter
Jackson, TN  38301                  425 Fifth Avenue, North
                                    Nashville, TN  37243-0493

                                    Georgia B. Felner
                                    Counsel for the State
                                    425 Fifth Avenue, North
                                    Nashville, TN  37243-0493

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

**O P I N I O N**

This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On March 8, 1984, the petitioner was convicted on two counts of first degree murder and received two concurrent life sentences. This court affirmed the convictions and sentences on appeal, State v. Casey, No. 1 (Tenn. Crim. App., Jackson, March 27, 1985), and the supreme court denied application for permission to appeal on June 3, 1985. On May 9, 1996, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel, improper jury instructions, the denial of his right to testify on his own behalf, and the denial of a fair and impartial trial. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a),[1] a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations; however, none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations and is, therefore, untimely.[2] Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing. T.C.A. § 40-30-206(b).

Contrary to the petitioner's claim, the 1995 Post-Conviction Procedure Act did not create a one year window in which previously barred claims could be raised. Carter v. State, 952 S.W.2d 417 (Tenn. 1997). The petitioner also claims that the statute of limitations should not apply in his case because he is suffering from a mental disability. The petitioner, however, has failed to document this claim or support his argument with citation to relevant authorities. Accordingly, this issue is waived. Rule 10, Rules of the Court of Criminal Appeals. See also Workman v. State, 868 S.W.2d 705, 711 (Tenn. Crim.

---

[1]The petition in this case was filed on May 9, 1996, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

[2]The petition would also be barred under the previous three-year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).

App.), per. app. denied (Tenn. 1993) ("petitioner not entitled to an evidentiary hearing when a ground, couched in conclusory language, is not supported by a factual allegation").

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ordered that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE