IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## BLAKE E. HALLUM v. STATE OF TENNESSEE

Post-Conviction Appeal from the Criminal Court for Davidson County
No. 94-D-2286     J. Randall Wyatt, Jr., Judge

No. M2001-00569-CCA-R3-PC - Filed July 31, 2002

A Davidson County jury convicted the petitioner, Blake Edward Hallum, of felony murder and especially aggravated robbery, and the trial court sentenced the petitioner to serve consecutive sentences of life imprisonment for his felony murder conviction and 17 years for his especially aggravated robbery conviction.[1] The petitioner appealed his convictions to this Court, and we affirmed the judgment of the trial court. See State v. Richard Bruce Halfacre, No. 01C01-9703-CR-00083, 1998 Tenn. Crim. App. LEXIS 1117, at *1 (Tenn. Crim. App. at Nashville, Oct. 29, 1998). The petitioner sought post-conviction relief, and the trial court denied his petition after a hearing on the merits. The petitioner now appeals the trial court's denial of his petition for post-conviction relief, alleging that he is entitled to post-conviction relief because a state's trial witness testified at the post-conviction hearing and contradicted her trial testimony, invoked her Fifth Amendment right against self-incrimination, and/or pleaded lack of memory in response to questions about the truthfulness of her trial testimony. After reviewing the record and applicable case law, we find that the petitioner's claim does not merit relief.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Michael Noel, at trial and sentencing; and David A. Gold, post-conviction, Nashville, Tennessee, for the appellant, Blake E. Hallum.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Katrin Miller, Assistant District Attorney General, for the appellee, the State of Tennessee.

---

[1] The petitioner's co-defendant, Richard Bruce Halfacre, was also convicted of felony murder and especially aggravated robbery. The petitioner and Halfacre received the same sentence.

# OPINION

## Factual Background

On direct appeal, this Court summarized the facts of the instant case as follows:

On July 20, 1994, Mary Villareal spent the evening watching television with her son, the victim, Rick Villareal. The victim was in possession of a briefcase, which contained about $1000 in cash which he had just received from the sale of a washer, a dryer and a car. When he left the residence at approximately 10:30 p.m., he was also wearing several pieces of jewelry: two wedding bands, a ruby ring, a diamond ring, a gold link bracelet, a watch, and a gold chain.

About five hours later, Officer Jack Robert Campbell was dispatched to investigate a report that a "man [was] down" at the park. Gary Honeycutt led Officer Campbell to the victim, who was lying unconscious on the ground. Officer Campbell originally believed the victim either had too much to drink or was suffering from some type of seizure and arranged for the victim to be transported to the hospital. Later, he learned the victim had sustained a fatal head injury and had died only hours after his hospitalization.

Steven Huffines, who was serving time in the Sumner County Jail at the time of trial, recalled that both defendants visited his residence during the early morning hours after the assault of the victim. They were carrying a briefcase which contained over $500, some jewelry and some papers. He testified that defendant Halfacre claimed to have found the briefcase on the side of the road.

The defendant Hallum is the great uncle of one of the children of Sherry Hayes, who had been close friends to both defendants for about seven years. On the afternoon after the shooting, the defendant Halfacre called Ms. Hayes and asked her to meet the defendants at the Megamarket in Hermitage and to provide them each transportation. When she arrived, the defendants, who were in possession of a briefcase, indicated that they needed to get rid of the briefcase and then leave Nashville. Hallum, who was in the back seat, cried and stated that he never meant to hurt anyone. He told Ms. Hayes that he had waited in the woods at the park while Halfacre sat on a picnic table and had observed Halfacre lead the victim "into the woods." Hallum informed Ms. Hayes that the victim "was up on his knees when they left."

Ms. Hayes, who had prior convictions for theft and fraudulent use of a credit card, drove to a location in LaVergne, where the defendants walked to the woods and burned the briefcase. Later, the three went to a restaurant and the defendants explained that they needed to leave the state to avoid spending the rest of their lives in jail. The defendants spent that night at her apartment. While there, defendant Hallum removed the telephone from the wall.

James McGaugh, owner of Shipley Donuts, recalled that the defendant Halfacre worked for him about one year before he was terminated in July of 1994. In August of 1994, McGaugh received a claim from Halfacre for unemployment benefits. The claim was mailed from Los Angeles, California.

Detective Alfred Gray, who was assigned to investigate the murder, eventually learned both defendants were in California. Halfacre returned to Nashville and was arrested. Defendant Hallum was arrested in California almost eleven months after the murder.

Dr. Mona Harlan, who performed an autopsy on the victim, testified that the victim had suffered a large subgaleal hematoma between his scalp and skull. The victim also suffered bruises to his left eye, cuts inside his lip, a bruise and scrape on his right wrist, and a scrape on his cheek. Dr. Harlan stated that the hematoma to the skull, the cause of death, was caused by "one big blow" with a blunt object, such as a bat.

Richard Bruce Halfacre, 1998 Tenn. Crim. App. LEXIS 1117, at *1. As mentioned supra, the petitioner and his co-defendant, Halfacre, both received a trial by jury, resulting in convictions for felony-murder and especially aggravated robbery, and the aforementioned sentences. At the post-conviction hearing, a state's trial witness, Sherry Hayes, recanted portions of her trial testimony, stating that she did not testify truthfully when she testified at trial that the petitioner had confessed to her that he committed the charged offenses. The trial court informed Ms. Hayes of the consequences of admitting to having perjured oneself, and the court stated that it would disregard Ms. Hayes testimony thus far and recessed in order to allow Ms. Hayes to retain and consult with counsel before waiving her Fifth Amendment right against self-incrimination.

When the trial court resumed the post-conviction hearing on a different date, the court noted that Ms. Hayes had been appointed counsel and that she had executed a second affidavit that outlined her knowledge of the events at issue and that repudiated her first affidavit, which she had made prior to the petitioner's trial. Ms. Hayes testified that the prosecuting attorney threatened her before the petitioner's trial, causing her to testify about things to which she did not have knowledge. She claimed that the prosecutor threatened to have her children removed from her custody if she did not testify truthfully at the petitioner's trial and that the prosecutor attempted to persuade her to testify about subjects that were outside her knowledge. Ms. Hayes also stated that she testified at trial about subjects within her knowledge, but invoked her Fifth Amendment right against self-incrimination when questioned about whether she testified about subjects that were outside her knowledge. She also testified that while she had seen a maroon briefcase allegedly belonging to the victim, she did not see the petitioner and his co-defendant burn the briefcase. She also stated that the petitioner did not pull her telephone out of the wall on the night of the crime and that he never kicked her door in.

The prosecuting attorney testified that he had several conversations with Ms. Hayes prior to the petitioner's trial and that a victim-witness coordinator had been present during all such conversations. The prosecutor also testified that he did not threaten to take Ms. Hayes's children away from her if she did not testify as he wished her to testify; he was only concerned that she tell a truthful version of the events. The victim-witness coordinator also testified that the prosecutor did not make any such threats and that he did not encourage Ms. Hayes to testify about subjects beyond her knowledge. An officer who was involved in the investigation of the instant crimes testified that he interviewed Ms. Hayes after she came forward with information about the crimes and that she assisted the police in their efforts to apprehend the petitioner. The officer further testified that he did not threaten Ms. Hayes or suggest that she testify in accordance with his wishes, nor did he ever witness the prosecutor threaten Ms. Hayes.

The trial court denied the petition for post-conviction relief, finding that Ms. Hayes stated at the hearing that her trial testimony was truthful and that the petitioner was therefore not entitled

to relief on that ground. The petitioner now appeals the trial court's decision, arguing that Ms. Hayes did in fact indicate that her trial testimony was not truthful and that the petitioner's conviction is therefore void. We find that the petitioner's conviction is not void on this basis because recanted testimony is not a proper basis for receiving post-conviction relief.

## Post-Conviction Standard of Review

When analyzing the issue raised, we first note that a petitioner bringing a post-conviction petition for relief bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Id. at 245 (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Furthermore, the appellate court is bound by the trial court's findings of fact, unless the record preponderates against those findings. Hicks, 983 S.W.2d at 245.

## Recanted Testimony

As discussed supra, the petitioner argues that he is entitled to receive post-conviction relief based upon the post-conviction hearing testimony of Ms. Hayes in which she recanted portions of her incriminating trial testimony. However, even if we were to disagree with the trial court and find that Ms. Hayes did indeed recant portions of her trial testimony at the post-conviction hearing, recanted trial testimony does not entitle a petitioner to receive post-conviction relief.

The Post-Conviction Procedure Act states that a petitioner may seek relief under the act for an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-203. However, in the instant case, the petitioner is not claiming an abridgement of his constitutional rights, but rather asking this Court to grant post-conviction relief on the basis of newly discovered evidence, specifically Ms. Hayes's recanted trial testimony. However, this Court has held that "recanted testimony amounts to no more than a request to relitigate the sufficiency of the evidence at trial and is not a proper subject of post-conviction relief." Teresa Deion Smith Harris v. State, No.W2000-02611-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 604, at *3 (Tenn. Crim. App. at Jackson, June 13, 2001) (citing Haynes v. State, No. 01C01-9803-CC-00142, 1999 Tenn. Crim. App. LEXIS 200, at *8 (Tenn. Crim. App. at Nashville, Mar. 11, 1999)). It has long been established under Tennessee law that a petitioner may not litigate the sufficiency of the evidence through a post-conviction petition. See, e.g., Workman v. State, 868 S.W.2d 705, 711 (Tenn. Crim. App. 1993). Consequently, we will not allow the petitioner to use the introduction of recanted testimony as a vehicle for relitigating the sufficiency of the evidence. Thus, this issue does not merit post-conviction relief.[2]

---

[2]The proper method of presenting arguments such as those raised here is by a writ of error coram nobis, Tennessee Code Annotated Section 40-26-105. Although this procedure has a 1 year statute of limitations [see, State v. Mixon, 983 S.W.2d 661 (Tenn. 1999)] that limitations period may be tolled when certain due process concerns are implicated. See e.g. Workman v. State, 41 S.W.3d 100 (Tenn. 2001). Moreover, the petitioner herein may present his (continued...)

-4-

**Conclusion**

For the foregoing reasons, we find that none of the petitioner's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[2](...continued)
claim to the Governor of Tennessee, in an application for executive clemency.