IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## KENA HODGES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-A-317     Randall J. Wyatt, Jr., Judge**

---

**No. M2002-01334-CCA-R3-PC - Filed October 10, 2003**

---

Petitioner, Kena Hodges, appeals from the dismissal of her petition for post-conviction relief. After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Jeffrey S. Pulley, Nashville, Tennessee, for the appellant, Kena Hodges.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson III, District Attorney General; Bernard McEvoy, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Following a jury trial in the Davidson County Criminal Court, Petitioner was convicted of the felony murder and aggravated child abuse of her two-year-old daughter. Her convictions were affirmed on appeal. *State v. Kena Hodges*, 1999 Tenn. Crim. App. LEXIS 866, No. 01C01-9804-CR-00170 (Tenn. Crim. App. at Nashville, August 11, 1999), *perm. app. denied* (Tenn. 2000). Subsequently, she filed a *pro se* petition for post-conviction relief. She was appointed counsel, and an amended petition was filed. At the post-conviction hearing, Petitioner and her trial counsel were the only witnesses who testified.

Petitioner's trial counsel had been a licensed attorney for approximately eight years at the time of Petitioner's trial. He had previous experience in several criminal trials, including murder cases. Trial counsel's practice was over eighty percent criminal cases. He met with Petitioner on more than twenty occasions prior to the trial while Petitioner was incarcerated in the local jail. Counsel testified that during several of those meetings, he and Petitioner discussed whether she

would testify at trial. He stated that Petitioner never expressed a desire to testify or not to testify at trial. Counsel admitted that during opening statements and *voir dire*, he alluded that Petitioner might testify. He asserted, however, that he had cautioned Petitioner in pre-trial meetings that his advice to her about testifying might change depending upon how the trial proceeded. Counsel ultimately advised Petitioner not to testify, and she followed his advice. Counsel stated that he tells all of his clients that it is ultimately the client's decision on whether or not to testify, regardless of his advice on the issue.

Counsel testified that his advice to Petitioner not to testify was based upon the fact that most of the evidence that was favorable to Petitioner was brought out on cross-examination of prosecution witnesses. Additionally, Counsel had serious concerns about Petitioner's demeanor during the trial, especially her appearance of having no remorse concerning the death of her daughter. Petitioner's husband was a co-defendant in the cases, but the trials had been severed. Petitioner's husband was convicted before Petitioner's trial began, and his convictions and sentences were affirmed on appeal. *See State v. Hodges*, 7 S.W.3d 609 (Tenn. Crim. App. 1998). Counsel used a copy of the transcript from the co-defendant's trial in preparation for Petitioner's trial. Petitioner had given statements to the police, but Counsel testified that he did not file a motion to suppress the statements because there was not a "suppressible issue."

Counsel acknowledged that he did not call a witness to testify regarding the co-defendant's statements to the police. Counsel recalled that the trial court had ruled the statements were hearsay, following a hearing on the State's motion in limine. However, Counsel also recalled that during cross-examination, he was able to elicit testimony regarding the substance of portions of the co-defendant's statements which were favorable to Petitioner. Counsel also testified that some parts of the co-defendant's statements incriminated Petitioner. Counsel stated that he was able to show the jury that the co-defendant had been alone with the victim all day on the day of the victim's death; that the co-defendant had disciplined the victim; and that the co-defendant had bruises on his foot to corroborate the assertion that the co-defendant had kicked the child. He also elicited testimony that the co-defendant's ring was bent and that it had blood or human tissue on it that was never tested by the State.

Counsel testified that he never had problems communicating with Petitioner before or during the trial. He also called witnesses to testify on behalf of Petitioner. He talked to all potential character witnesses whose names and phone numbers had been provided to him. Based upon his experience, these witnesses would not benefit Petitioner's case or would offer detrimental testimony if called to testify.

Counsel testified that he spent several hundred hours preparing for trial. Petitioner rejected the only negotiated plea offer made by the State, which was a guilty plea to second degree murder and a forty-five-year sentence. Counsel testified that the theory of defense was that the victim suffered her injuries while Petitioner was at work, and that the co-defendant was the guilty party. On cross-examination, Counsel testified that he believed that Petitioner's statements could not be

suppressed because Petitioner was not in custody when she gave the statements, and there was nothing to indicate that the statements were coerced or otherwise involuntary.

Petitioner's testimony at the post-conviction hearing was remarkably brief and was confined to the issue of her wanting to testify at trial. She acknowledged that Counsel spoke with her several times, both before and during the trial, about whether or not she would testify. She stated that Counsel told her that he did not want her to testify. Petitioner stated that she told Counsel that she wanted to testify. She testified that Counsel never told her that she would make the final decision as to whether or not to testify at her trial. At the post-conviction hearing, Petitioner did not offer what her testimony would have been had she taken the stand at her trial.

In its order denying post-conviction relief, the trial court implicitly accredited the testimony of trial counsel and found that he:

> made sound and reasonable decisions regarding every facet of the trial. The Petitioner has failed to introduce evidence that meets her burden of showing deficient representation. Further, the Petitioner has not demonstrated to the Court, any evidence that the outcome at trial would have been different had [trial counsel's] representation been other than provided.

## ANALYSIS

### Ineffective Assistance of Counsel

For a petitioner to successfully overturn a conviction based on ineffective assistance of Counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069).

The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful,

tactical decision made after adequate preparation for the case. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

At the post-conviction hearing, the petitioner bears the burden of proving her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *See Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

Petitioner asserts on appeal that her trial Counsel rendered ineffective assistance at trial by promising during his opening statement that the defense would prove numerous facts, which could be proven only through Petitioner's testimony, and then not calling Petitioner to testify during the trial. She also argues that Counsel's representation was deficient because even though he promised the jury at least eight times during his opening statement that Petitioner would testify, she was not called as a witness. Petitioner also argues in her brief on appeal that she could have testified to refute the State's proof that she was not remorseful or emotional shortly after her daughter was found dead. She also argues that Counsel failed to properly advise her on her right to testify, and failed to adequately prepare her for testimony in the event that she did testify.

By offering absolutely no proof at the post-conviction hearing as to what her trial testimony would have been had she testified at trial, Petitioner failed to show how she was prejudiced, even if Counsel had been ineffective.

Petitioner also argues that Counsel was ineffective by asking the medical examiner if holding the victim up by her hair while striking the victim could cause a loss of the victim's hair on each side of her scalp. Counsel testified that this was brought up during the trial in order to corroborate other proof that the co-defendant had held the victim up by her hair.

Petitioner further argues that Counsel's performance was deficient because he failed to call Detective Bruce Pinkerton as a witness to testify that Petitioner was "crying" and "hysterical" when Petitioner arrived at the crime scene shortly after the victim was found dead. Detective Pinkerton did not testify at the post-conviction hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness or call the witness to the stand resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness' testimony might have been if introduced by counsel. *Id*.

Petitioner asserts that Counsel was ineffective by not filing a motion to suppress Petitioner's statements to the police, or by failing to explain why certain incriminating statements were purportedly made by Petitioner to Detective E. J. Bernard. However, Detective Bernard did not testify at the post-conviction hearing, and Petitioner offered no proof whatsoever that the statements would have been suppressed if a motion had been filed.

Petitioner also argues that Counsel should have objected to various items of irrelevant evidence during the trial, and that his failure to do so constituted ineffective assistance of counsel. Of the examples set forth in Petitioner's brief, Counsel testified as to his trial strategy of cross-examination to neutralize unfavorable inferences or to turn seemingly damaging testimony into evidence favorable to Petitioner. As stated above, the post-conviction court found that Counsel "made sound and reasonable decisions regarding every facet of the trial." Upon a *de novo* review, we cannot conclude that Petitioner has shown that the evidence preponderates against the conclusion of the trial court on this issue.

Petitioner asserts that Counsel was ineffective by not properly asserting that the co-defendant's incriminating statements were admissible in Petitioner's trial. Counsel testified that he was able to put before the jury the substance of the co-defendant's statements favorable to Petitioner during cross-examination of other witnesses. Counsel also stated that some portions of the co-defendant's statements were highly incriminating to Petitioner. Petitioner failed to put forth any proof whatsoever at the post-conviction hearing as to why the co-defendant's statements would be admissible, and did not present the co-defendant's statements to the post-conviction court during the hearing. She therefore failed to show prejudice, even if Counsel's representation was deficient.

Finally, Petitioner asserts that Counsel rendered ineffective assistance of counsel in his cross-examination of Petitioner's employer, the operator of a children's care facility. Counsel asked the employer if it took a special kind of person to work with special needs children as Petitioner had done. The trial court ruled, upon the State's argument, that Counsel had "opened the door" for testimony by the employer that Petitioner was "rough" with the children whom she cared for at the facility. Counsel testified that he disagreed with and argued against the court's ruling, but was able to minimize the harmful effects of the testimony by showing that the employer was biased against Petitioner.

In summary, the evidence does not preponderate against the trial court's findings that Petitioner received effective assistance of counsel, and that in any event, Petitioner failed to show prejudice as a result of any alleged deficiencies in Counsel's performance. Petitioner is not entitled to relief on this issue.

**Suppression of Petitioner's Statements**

Petitioner next argues that her statements to the police should have been suppressed because they were not voluntary and were obtained, in part, absent *Miranda* warnings. This issue could have been pursued prior to trial, but it was not. It is therefore waived as to her post-conviction hearing.

A ground for post-conviction relief is waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. . . ." Tenn. Code Ann. § 40-30-206(g) (1997). Furthermore, as noted above, Petitioner did not present any proof whatsoever at the post-conviction hearing pertaining to her statements being given involuntarily or in violation of her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The issue is also waived by failure to present proof in support thereof at the post-conviction hearing. *See Workman v. State*, 868 S.W.2d 705, 709 (Tenn. Crim. App. 1993).

**Denial of Petitioner's Right to Testify**

Petitioner asserts that she is entitled to post-conviction relief because she was unconstitutionally denied her right to testify at her trial, and waiver of her right to testify cannot be presumed from a silent record. Petitioner admits in her brief, as she did in her testimony at the post-conviction hearing, that she "went along" with Counsel's recommendation not to testify. She argues, however, that Counsel never told her that she had a right to testify, contrary to his advice. The trial court implicitly accredited Counsel's testimony, which was that Petitioner was told she could testify even if Counsel advised against it, and that Petitioner expressed no desire to testify at her trial.

The post-conviction court stated in the order dismissing the petition:

> All of the testimony given at the Post Conviction Hearing served to strengthen the Court's belief that [trial counsel] is a thorough, prepared, and competent lawyer who has represented all of his clients, including the Petitioner, to the best of his ability. . . .
>
>     . . .
>
> Upon consideration of all the claims advanced by the Petitioner and the testimony offered at this hearing, the Court finds no basis for granting post-conviction relief. The specific facts the Petitioner alleges as a basis for her ineffective assistance of counsel claim are inadequate for a number of reasons. Some of the facts the Petitioner alleges are not supported by the evidence and are contradicted by the testimony at the hearing.

In *Momon v. State*, 18 S.W.3d 152 (Tenn. 1999), our supreme court held that since a defendant's right to testify is a fundamental right, it must be personally waived by the defendant. The Court stated that in future trials the trial court should ensure that defense counsel conducts a hearing on the record to verify that a defendant has made a knowing, intelligent, and voluntary waiver of the right to testify. *Id*. at 162. Petitioner's trial was conducted in 1997, prior to the Court's decision in *Momon*. The procedural safeguards of *Momon* are not retroactive. *Id*. at 162-163.

However, if Petitioner was actually denied her right to testify by her attorney, there would still be constitutional error. *Id*. at 163. This, however, is not clearly demonstrated in the record. The evidence does not preponderate against the trial court's findings that Petitioner failed to prove by clear and convincing evidence that she is entitled to post-conviction relief on this or any of the other issues presented by Petitioner.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE