IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2016

**KEVIN ANTHONY DICKSON JUNIOR v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Sevier County**
**No. 13010-II     Richard R. Vance, Judge**

_____

**No. E2015-01443-CCA-R3-PC – Filed April 29, 2016**
_____

Petitioner, Kevin Anthony Dickson Junior, appeals the denial of his petition for post-conviction relief.  Petitioner's primary contention is that the trial court lacked jurisdiction because he is a sovereign citizen who is not subject to the laws of the State of Tennessee, though he also includes an allegation of ineffective assistance of counsel as well as other alleged constitutional violations.  Upon our review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Kevin Anthony Dickson Junior, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James Dunn, District Attorney General; and George Ioannides, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Nearly seven years ago, Petitioner was convicted after a bench trial of two counts of attempted first degree murder and one count each of especially aggravated burglary, attempted aggravated robbery, and aggravated assault.  Petitioner received a total

effective sentence of fifty years' incarceration. Petitioner eventually appealed his case to the Tennessee Supreme Court, which affirmed Petitioner's convictions and sentences. *See State v. Dickson*, 413 S.W.3d 735 (Tenn. 2013).

On August 13, 2014, Petitioner filed a timely pro se petition for post-conviction relief asserting, among other grounds, ineffective assistance of counsel and a lack of jurisdiction. The record contains a plethora of pleadings and documents filed by Petitioner essentially repeating his claim that he is a sovereign citizen who is not subject to the laws of the State of Tennessee.

The post-conviction court twice appointed counsel to assist Petitioner. Each time, Petitioner rejected appointed counsel and insisted on proceeding pro se. On July 14, 2015, the Petitioner was granted a full hearing on his post-conviction petition. No witnesses were called, and no proof was presented. The post-conviction court heard the arguments of Petitioner and the State.[1] At the conclusion of the hearing, the post-conviction court ruled from the bench that Petitioner had not established by clear and convincing evidence that he received ineffective assistance of counsel or that any other constitutional rights were violated. The post-conviction court denied the petition, and Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner's chief complaint is that the trial court lacked jurisdiction to convict him. Buried within his argument on that issue are allegations of ineffective assistance of counsel, an improper warrantless arrest, a coerced statement, and prosecutorial misconduct. The State responds that most of Petitioner's issues are waived for failure to address them in his direct appeal and that he has failed to carry his burden of proving by clear and convincing evidence that he received ineffective assistance of counsel.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with

---

[1] The record contains one hundred and one pages of transcript of arguments only, ninety eight of which are Petitioner's.

a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## I. Jurisdiction

Petitioner's main contention, which he has much belabored, is that the trial court lacked both personal and subject matter jurisdiction. A petitioner may raise a challenge at any time that an indictment is defective due to a lack of subject matter jurisdiction of the trial court. *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997). "It is elementary that before a court may exercise judicial power to hear and determine a criminal prosecution, that court must possess three types of jurisdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and territorial jurisdiction." *State v. Legg*, 9 S.W.3d 111, 114 (Tenn. 1999). "[T]erritorial jurisdiction, which recognizes the power of a state to punish criminal conduct occurring within its borders, is embodied in the constitutional right to a trial 'by an impartial jury of the county in which the crime shall have been committed.'" *Id*. (citing Tenn. Const. art. I; U.S. Const. Amend. VI); *see also* U.S. Const. art. III, § 2 ("The trial of all crimes . . . shall be held in the state where the said crimes shall have been committed."). "Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it." *Johnson v. Hopkins*, 432 S.W.3d 840, 843 (Tenn. 2013). The circuit courts of this state have subject matter jurisdiction over "all crimes and misdemeanors." T.C.A. § 16-10-102. Therefore, the Circuit Court of Sevier County had both territorial and subject matter jurisdiction over the criminal acts committed in this case.

As for personal jurisdiction, Petitioner argues that the trial court lacked jurisdiction because he is not a "person" within the statutory definition of the term, because he is a "sovereign" citizen and not a citizen of the State of Tennessee or the United States, and because he has never entered into a contractual relationship with the State of Tennessee whereby he waived his rights and consented to be subject to the laws of the state. Under Tennessee Code Annotated section 39-11-103(a), "[e]very person, whether an inhabitant of this or any other state or country, is liable to punishment by the laws of this state, for an offense committed in this state." The definition of the term person "includes any individual," T.C.A. § 39-11-106(a)(27), and is synonymous with Petitioner's preferred terms of "natural person" and "human being."[2] Additionally, the

---

[2] Petitioner argues that the term "individual" is vague and that, pursuant to the maxim "expressio unius est exclusio alterius," it must refer to an artificial entity similar to the other terms used in the statute, such as "firm" and "corporation." However, maxims of statutory construction are not constitutional mandates but are meant to aid in determining legislative intent when it is not clear from the plain meaning

laws apply equally, regardless of one's citizenship status. *See* T.C.A. 39-11-103(a); *State v. Keller*, 813 S.W.2d 146, 149 (Tenn. Crim. App. 1991). We agree with the post-conviction court when it stated: "All persons are subject to the criminal statutes, which proscribe certain conduct, whether they be a United States citizen, a foreign national, citizen of another state, or here illegally from another country." Finally, as this Court has stated:

> Consent to laws is not a prerequisite to their enforceability against individuals. No person in the State of Tennessee may exempt himself or herself from any law simply by declaring that he or she does not consent to it applying to them. To do so would result in sheer anarchy.

*State v. Booher*, 978 S.W.2d 953, 957 (Tenn. Crim. App. 1997) (internal citations omitted). Petitioner is not exempt from the laws of this State prohibiting criminal conduct. *See State v. Goodson*, 77 S.W.3d 240, 243 (Tenn. Crim. App. 2001). This argument is wholly without merit.

## II. Ineffective Assistance of Counsel

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. To establish ineffective assistance, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. The test for prejudice is whether there is a reasonable probability, sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As previously noted, Petitioner presented no proof at the post-conviction hearing. Thus, he is not entitled to relief on this claim.

---

of the text. The meaning of the term "individual" is plain, *see* Black's Law Dictionary (10th ed. 2014) ("Of, relating to, or involving a single person or thing, as opposed to a group."), and the legislature's intent is clear.

### III.  Other Issues Raised in Petition

Finally, Petitioner raises various other issues, including allegations of an improper warrantless arrest, coerced statement, and prosecutorial misconduct.  To the extent that these claims are related to Petitioner's claim that the trial court lacked jurisdiction, they are likewise without merit.  To the extent that Petitioner is raising these issues for the first time in his post-conviction petition when they should have been raised on direct appeal, they are waived.  *See* T.C.A. § 40-30-106(g); *Workman v. State*, 868 S.W.2d 705, 709 (Tenn. Crim. App. 1993).  To the extent that the issues are related to Petitioner's claim of ineffective assistance of counsel—insofar as trial counsel failed to raise these issues either in the trial court or on appeal—Petitioner produced no evidence to prove either deficient performance or prejudice.  Petitioner is not entitled to relief.

### Conclusion

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE