IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2024

**DARYL RAY BAKER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 124526   G. Scott Green, Judge**

_____

**No. E2023-01155-CCA-R3-PC**

_____

On January 10, 2017, Daryl Ray Baker, Petitioner, pleaded guilty to four counts of aggravated sexual battery, five counts of attempted rape of a child, and two counts of sexual battery by an authority figure. The trial court sentenced him to an effective sentence of nineteen years in confinement, and Petitioner did not file a direct appeal of his conviction or sentence. In April 2023, Petitioner filed a petition for post-conviction relief, requesting the post-conviction court to consider his delayed post-conviction petition. Therein, Petitioner argued that newly discovered evidence entitled him to relief and due process required tolling of the one-year statute of limitations for post-conviction relief. The post-conviction court dismissed the petition, and Petitioner now timely appeals. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

Daryl Ray Baker, Pro Se, Mountain City, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Charme Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

On January 10, 2017, Petitioner pleaded guilty to four counts of aggravated sexual battery, five counts of attempted rape of a child, and two counts of sexual battery by an authority figure.[1] The trial court sentenced Petitioner to an effective sentence of nineteen years in confinement. Petitioner did not directly appeal his conviction or sentence.

On February 22, 2023, Petitioner filed a petition for writ of error coram nobis alleging he had received newly discovered evidence. To his petition, Petitioner attached two letters he claims to have received that show the victim recanted her accusations that Petitioner sexually assaulted her. One letter appears to be written to someone named "Beth," and concerns Petitioner's money which is "put up," to receive the money "when he dies." The second letter, which Petitioner purports is written by the victim, reads: "[Petitioner] never touched me as was said in court, Dad made me say that stuff." The second letter is not addressed to Petitioner, but to a "Ms. Ford." The two letters are neither dated nor authenticated, and appear to be different handwriting. The record contains no affidavit from the victim, Beth, or Ms. Ford to substantiate Petitioner's claims the victim had recanted her testimony. On March 31, 2023, the post-conviction court entered an order denying the petition, finding that because Petitioner pleaded guilty to the offenses and received an agreed-to sentence of nineteen years' imprisonment, coram nobis was not an available remedy.

On April 25 2023, Petitioner filed the petition which is the subject of this appeal, which he styled, "Petition to Request Permission for Delayed Post-Conviction Petition." In the petition, he alleged there was newly discovered evidence that was not available at the time of trial which would have exonerated him, and that he would not have entered his guilty pleas as a result. Petitioner also argued that due process tolling applied to the one-year statute of limitations for post-conviction relief. On July 19, 2023, the post-conviction court entered an order dismissing the petition:

> [Petitioner] pled guilty and judgment entered on January 10, 2017. [Tennessee Code Annotated section] 40-30-102 provides a one (1) year limitation period for the initiation of a Post-Conviction proceeding. The

---

[1] Petitioner alleges he entered best interest pleas to the charges, but the plea-hearing transcript, including any factual bases for Petitioner's guilty pleas, was not included in the record. The judgments of his convictions indicated he pleaded guilty, as opposed to nolo contendere, and we find no support for Petitioner's claim in the record other than Petitioner's own statements.

narrow exceptions to this one (1) year limitation are set forth within subpart (b) of [section] 40-30-102. [Petitioner's] allegation that the victim recanted does not qualify under subpart (b). Moreover, the record within this cause establishes that [Petitioner] entered a plea of guilt resulting from a negotiated settlement, and that he confessed to law enforcement when he was initially confronted about the allegation(s). Accordingly, the pro-se Petition is and shall be, **DISMISSED** and **DENIED**, without hearing.

Petitioner now timely appeals the post-conviction court's July 19, 2023 order dismissing his petition.

## II. Analysis

Petitioner argues that the post-conviction court erred in dismissing his April 25, 2023 post-conviction petition as time-barred. Petitioner asserts he was denied a "fundamental right," and that the victim's recanting of her testimony entitles him to due process tolling of the one-year post-conviction relief statute of limitations. The State argues Petitioner is not entitled to tolling and that his claims are unverified, but even if they were true would not entitle him to post-conviction relief. We agree with the State.

Generally, there is a one-year statute of limitations for petitioners to file for post-conviction relief:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-102(a). If a petitioner fails to timely file a petition for post-conviction relief, "[n]o court shall have jurisdiction" unless the claim falls within one of three enumerated exceptions under the statute. *Id.* § 40-30-102(b); *see Foster v. State*, No.

- 3 -

E2022-00787-CCA-R3-PC, 2023 WL 3295683, at *3 (Tenn. Crim. App. May 8, 2023), *perm. app. denied* (Tenn. Sept. 11, 2023). These statutory exceptions are:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b)(1)-(3). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004) (citing Tenn. Code Ann. § 40-30-102(b)), *perm. app. denied* (Tenn. June 1, 2004).

Apart from the three statutory exceptions, principles of due process may require tolling of the statute of limitations in limited circumstances. *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). To obtain due process tolling of the statute, a petitioner must show "'(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 627-28 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Our supreme court has identified three "extraordinary circumstances" in which due process requires the tolling of the statute of limitations: (1) where the claim for relief arises after the statute of limitations has expired; (2) where a prisoner's mental incompetence prevented them from timely filing a petition for post-conviction relief; and (3) in certain cases of attorney misconduct. *Id.* at 623-26; *see also Smith v. State*, 357 S.W.3d 322, 358-59 (Tenn. 2011); *Seals*, 23 S.W.3d at 279; *Williams v. State*, 44 S.W.3d 464, 467-71 (Tenn.

- 4 -

2001); *Burford v. State*, 845 S.W.2d 204, 205-10 (Tenn. 1992); *Sands v. State*, 903 S.W.2d 298, 301 (Tenn. 1995).

It is a post-conviction petitioner's burden to prove by clear and convincing evidence that the petitioner is entitled to due process tolling of the statute of limitations. *Reid v. State*, 197 S.w.3d 694, 705 (Tenn. 2006). "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Whitehead*, 402 S.W.3d at 621 (Tenn. 2013).

Here, Petitioner did not timely file his petition for post-conviction relief. The trial court entered its judgment on January 10, 2017, so any petition for post-conviction relief was due by January 10, 2018. Petitioner did not file for relief until April 25, 2023. Thus, we must first consider whether Petitioner's claim falls into one of the enumerated circumstances that allow for tolling under the post-conviction statute. Petitioner makes no claim to a new constitutional right or that his sentence was enhanced by a subsequently overturned conviction, so Code section 40-30-102(b)(1) and (3) do not apply to his case. Rather, Petitioner alleges that new "exonerating evidence" entitles him to tolling of the statute of limitations, but a review of the nature of his evidence causes his claim to fail. The only statutory ground addressing evidence is subsection (b)(2), which allows for tolling upon the discovery of new *scientific* evidence. Tenn. Code Ann. § 40-30-102(b)(2). Petitioner's alleged newly discovered evidence is not of scientific nature—it is purportedly recanted testimony. As such, he is not entitled to tolling of the statute of limitations under Code section 40-30-102(b)(2).

Petitioner next argues that the victim's recanted testimony was discovered after the expiration of the statute of limitations, and this is an extraordinary circumstance that requires tolling. *See Whitehead*, 402 S.W.3d at 623-26. Petitioner's claim, however, must fail because "[r]ecanted testimony amounts to no more than a request to relitigate the sufficiency of the evidence at trial and is not a proper subject of post-conviction relief." *Alajemba v. State*, No. M2018-01470-CCA-R3-PC, 2020 WL 1845565, at *9 (Tenn. Crim. App. Apr. 13, 2020) (quoting *Harris v. State*, No. W2000-02611-CCA-R3-PC, 2001 WL 892848, at *1 (Tenn. Crim. App. Aug. 3, 2001)); *see also Britt v. State*, No. E2001-00864-CCA-PC, 2002 WL 31126638 (Tenn. Crim. App. Sept. 26, 2002) (concluding that the petitioner, who entered a best interest plea, was not entitled to relief on the basis of newly discovered evidence and that recanted testimony is not a proper claim for post-conviction relief). Indeed, "[i]t has long been established under Tennessee law that a petitioner may not litigate the sufficiency of the evidence through a post-conviction petition." *Hallum v. State*, No. M2001-00569-CCA-R3-PC, 2002 WL 1768993, at *3 (Tenn. Crim. App. July 31, 2002) (citing *Workman v. State*, 868 S.W.2d 705, 711 (Tenn. Crim. App. 1993)). Thus,

we reject Petitioner's argument that the victim's purported recanted testimony entitles him to due process tolling of the statute of limitations for petitions for post-conviction relief.

Petitioner also argues that because the victim's recanted testimony exonerates him, he has a claim of actual innocence. His argument fails for two reasons. First, the letter where the victim supposedly recants is undated, unsworn, and unauthenticated, and thus unreliable. S*ee Adams v. State*, No. W2010-00217-CCA-R3-PC, 2011 WL 744736, at *11 (Tenn. Crim. App. Mar. 1, 2011) ("[T]here was no proof that the handwritten, unsigned, and undated affidavit could have even been authenticated in the first place, and the interest of excluding unreliable evidence is substantially important."). Second, even if the victim did recant her testimony, Petitioner would not be entitled to relief. "Claims of actual innocence that are not based on newly discovered *scientific* evidence are not cognizable in a petition for post-conviction relief." *Keel v. State*, No. M2022-00089-CCA-R3-PC, 2023 WL 3862777, at *16 (Tenn. Crim. App. June 7, 2023) (emphasis added); Tenn. Code Ann. § 40-30-103(b)(2). Accordingly, Petitioner's claim of actual innocence must fail.

## III. Conclusion

For the foregoing reasons and authorities, we affirm the judgment of the post-conviction court.

_____
MATTHEW J. WILSON, JUDGE